
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALMA ORTIZ, § | |
|     PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-209-A |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISIONER OF SOCIAL SECURITY, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

*Pro-se* plaintiff Alma Ortiz ("Ortiz") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). In September 2012, Ortiz applied for DIB, alleging her disability began on May 24, 2011. (Transcript ("Tr.") 20, 181-82.) After her applications were denied initially and on reconsideration, Ortiz requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 20, 116-31.) The ALJ held a hearing on February 26, 2014 and issued an unfavorable decision on June 16, 2014. (Tr. 17-33, 58-88.) Thereafter, on August 14, 2015, the Appeals Council denied Ortiz's request for review,

1

leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 1-5.) Ortiz subsequently filed this civil action seeking review of the ALJ's decision.

## I. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.* of the SSA and numerous regulatory provisions govern disability insurance benefits. *See* 20 C.F.R. Pt. 404. Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is defined as work activity involving the use of significant physical or mental abilities for pay or profit. *See* 20 C.F.R. § 404.1572. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing. 20 C.F.R. Pt. 404 Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to her past relevant work. *Id.* § 404.1520(f). And fifth, the impairment must prevent the claimant from doing any work,

considering the claimant's residual functional capacity, age, education, and past work experiences. *Id.* § 404.1520(g); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Circ. 1999).[1] At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of her existing impairments. *Id.* If the Commissioner meets his burden, it is up to the claimant to then show that she cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards, and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollis v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. Jun. 2, 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record, nor substitute its judgment for the Commissioner's, but will

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity to determine the most the claimant can still do notwithstanding her physical and mental limitations. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC is used at both the fourth and fifth steps of the sequential analysis. *Id.* § 404.1520(a)(4). At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work. *Id.* § 404.1520(a)(4)(iv). At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* § 404.1520(a)(4)(v).

3

carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## II. ISSUE

While difficult to determine, it appears that Ortiz presents the following issue in her brief: Whether new evidence submitted by Ortiz to the Court requires the Court to remand the case to the ALJ. (Plaintiff's Brief ("Pl.'s Br.") at 1.)

## III. ADMINISTRATIVE RECORD AND ALJ DECISION

The ALJ, in her June 16, 2014 decision, found that Ortiz had not engaged in substantial gainful activity at any time since May 24, 2011, the alleged onset date for Ortiz's disability. (Tr. 22.) The ALJ concluded that Ortiz had the following "severe" impairments: (1) mild degenerative disc disease of the lumbar spine; (2) plantar fasciitis of the right foot; and (3) bunions on both great toes. (Tr. 22.) The ALJ also found, *inter alia*, that Ortiz had the impairments of ductal hyperplasia of the breast, dry eye syndrome, depression, and a history of uterine prolapse, with associated incontinence of urine and stool, but that these impairments were not severe. (Tr. 22-23.) Next, the ALJ held that none of Ortiz's impairments or combination of impairments met or equaled the severity of any impairment in the Listing. (Tr. 25-26.) As to Ortiz's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking 6 of 8 hours and sitting 6 of 8 hours, except: she can climb ramps and stairs at most frequently, and must never climb ladders, ropes, or scaffolds; she cannot balance, and can at most occasionally stoop, crouch, crawl, and kneel.

(Tr. 26) (emphasis omitted).) Based on this RFC, the ALJ found that Ortiz was unable to perform her past relevant work. (Tr. 27.) However, at the fifth step, the ALJ found that jobs

4

existed in significant numbers in the national economy that Ortiz could perform. (Tr. 28.) Based on this determination, the ALJ concluded that Ortiz was not disabled. (Tr. 29.)

## IV. DISCUSSION

In her brief, Ortiz complains that she suffers from the following impairments: (1) back pain; (2) stress urinary and stool incontinence after a hysterectomy for her bladder; (3) "ping pong sized vaginal vault prolapse;" (4) knee pain; (5) bunions on left and right feet; (6) spurs on both feet; (7) chronic dry eye syndrome after having eye laser surgery in 2010; and (8) neck problems. (Plaintiff's Brief ("Pl.'s Br.") at 4.) The only issue before the Court is whether the documents submitted by Ortiz with her brief constitute "new and material evidence" that requires the Court to remand this case.[2]

"When new evidence becomes available after the Secretary's decision and there is reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 483, 483 (5th Cir. 1994)). The Court does not issue factual findings on new medical evidence but is to determine whether to remand for the consideration of newly presented evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). "To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is 'new' and 'material' as well as a showing of 'good cause' for failing to provide this evidence at the original proceedings." *Ripley*, 67 F.3d at 555. To be new, evidence must not be merely cumulative of the evidence already in the administrative record. *Pierre v.*

---

[2] The Court notes that at the end of Ortiz's brief, she states, "I was hoping you guys will send me with a S.S. physical doctor." (Pl.'s Br. at 4.) While such a statement does not allege any error by the ALJ, the Court notes that the decision to purchase a consultative examination is discretionary. *See* 20 C.F.R. § 404.1519a(b); *Hayes v. Colvin*, No. 5:15-CV-241-BQ, 2016 WL 8078308, at *6 (N.D. Tex. Nov. 4, 2016) ("While a consultative examination may assist the ALJ in fully developing the factual record (§ 404.1517), the decision to order such an examination remains within the ALJ's discretion.")

5

*Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). For evidence to be material, it must relate to the time period for which disability benefits were denied and there must be a reasonable probability that the new evidence would change the outcome of the Commissioner's decision. *Ripley*, 67 F.3d at 555; *see Sullivan*, 884 F.2d at 803.

After reviewing all the evidence submitted by Plaintiff, the Court finds that the majority of such evidence is not new as it was either already included in the record and reviewed by the ALJ[3] or the Appeals Council[4] or merely shows that Ortiz is being treated for impairments already considered by the ALJ, including back pain (and injections for relief), hysterectomy and vaginal or uterine prolapse, dry eye syndrome, plantar fasciitis and right heel pain, and bunions.[5]

---

[3] Pl.'s Br. at 9 (*see* Tr. 437), 10 (*see* Tr. 438).

[4] *See* Pl.'s Br. at 22-25, Tr. 11-14. The Court notes that Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. § 404.970(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Rodriguez*, 252 F. Supp. 2d at 332. The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's final decision is based." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010). "A court considering [the] final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee*, 2010 WL 3001904, at *7 (citing *Higginbotham II*, 163 F. App'x at 281-82).

Ortiz submitted to the Appeals Council copies of four x-ray images taken on July 2, 2014 of her neck and spine. (Pl.'s Br. at 22-25.) Thus, the issue before the Court is whether these new medical records submitted to the Appeals Council diluted the record to such an extent that the ALJ's determination became insufficiently supported. In this case, it is clear that the Appeals Council clearly considered such records as it specifically stated that it "looked at evidence submitted with the request for review, including unknown X-ray images dated July 2, 2014." (Tr. 4.) Moreover, there is no medical information provided with such x-rays to indicate their significance as to Ortiz's impairments and their impact on her ability to work. Thus, the Court finds that the records submitted to the Appeals Council do not dilute the record to such an extent that the ALJ's determination became insufficiently supported. Consequently, there was no error and remand is not required.

[5] Pl.'s Br. at 5-8, 16-21; *see* Tr. 22-27.

In addition, none of the evidence is material as there is no reasonable probability that such evidence would change the outcome of the Commissioner's decision. As discussed above, some of the evidence merely shows that Ortiz is continuing to be treated for impairments already considered by the ALJ. In addition, some of the evidence, including a "Job Description" for the position of a "Production Associate" (Pl.'s Br. at 14), a "Return to Work or School" note dated July 26, 2010 (Pl.'s Br. at 15), a "Self Pay Quote" dated August 19, 2010 (Pl.'s Br. at 18), and a copy of the outside of an envelope addressed to the "United States District Court" (Pl.'s Br. at 26), is totally irrelevant to the issue of whether Ortiz is disabled. While there is evidence that Ortiz has more recently been diagnosed with a calcaneal spur (Pl.'s Br. at 20) and bursitis in the right knee (Pl.'s Br. at 11-13), the "mere presence or diagnosis of some impairment is not disabling per se." *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) ("Plaintiff must show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity.") Consequently, such evidence does not provide a reasonable probability that it would change the outcome of the Commissioner's decision. Consequently, remand is not required.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only

make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until November 22, 2017, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 8, 2017.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE